```
                 UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

UNITED STATES OF AMERICA      :     CRIMINAL ACTION
                              :     NO. 1:10-CR-412-6-WSD-ECS
          v.                  :
                              :
TIFFANIE YATES                :
```

**REPORT AND RECOMMENDATION**

**I.**

This matter is before the Court on the motion of Defendant Tiffanie Yates to dismiss Count One of the indictment. [Doc. 114]. The government filed its response to the motion and Defendant has filed no reply. The motion is now ready for a report and recommendation.

**II.**

**The Indictment**

Defendant is charged by indictment in four counts of a twenty-nine count indictment. Count One charges Defendant with conspiracy to commit financial institution fraud, in violation of 18 U.S.C. § 1344, and to make false statements and reports in certain documents for the purpose of influencing such financial institutions, in violation of 18 U.S.C. § 1014.

Count One also sets forth certain allegations regarding the manner and means of the conspiracy in Paragraphs 2 through 15, including the recruiting of "straw borrowers" to obtain home equity

credit lines fraudulently.  Specified overt acts are set forth in Paragraph 16 of Count One, including the allegation in paragraph 16(a) that between September 1, 2006, and October 1, 2007, co-conspirator Dionne Michelle Whitted recruited Defendant Tiffanie Yates as a straw borrower.

Defendant is also charged in Counts Two, Three, Four, and Five with four substantive counts of making false statements in documents, including false and fictitious real property information, in connection with obtaining equity lines of credit for the purpose of influencing certain financial institutions, in violation of 18 U.S.C. § 1014.

### III.

### The Parties' Contentions as to Count One

Defendant moves to dismiss Count One on the grounds that it fails to allege facts essential to put her on notice of the charges to be defended against.  Def's motion at 2 [Doc. 114].  In particular, Defendant complains that the term "straw borrower" is not defined in the indictment and that "there is no allegation Defendant purposely made any false representations regarding her personal credit or that she made any false statements." Id.

The government opposes the motion, contending that the indictment meets the applicable tests for sufficiency.  Gov't Brief at 6-7 [Doc. 118].  The government points to the fact that the indictment tracks the statutory language, setting forth the elements

of the offense, and submits that the indictment provides sufficient notice of the charges and sufficient factual specificity to enable the accused to be protected against double jeopardy.  Id. at 8-9.

**IV**.

**Discussion**

Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In general, "an indictment is sufficient 'if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.'" United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002), cert. denied, 537 U.S. 1114 (2003)(citing United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999), cert. denied, 528 U.S. 933 (1999)); see also United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983), cert. denied, 464 U.S. 917 (1983)(citing Hamling v. United States, 418 U.S. 87, 117 (1974)).  Constitutional "requirements are satisfied by an indictment that tracks the wording of the statute as long as the language sets forth the essential elements of the crime."  United States v. Ndyiaye, 434 F.3d 1270,

1299 (11th Cir. 2006) (quoting United States v. Critzer, 951 F.2d 306, 307-308 (11th Cir. 1992)(per curiam)); Yonn, 702 F.2d at 1348.

"The sufficiency of a criminal indictment is determined from its face." United States v. Salman, 378 F.3d 1266, 1268 (11th Cir.2004)(quoting Critzer, 951 F.2d at 307). On a motion to dismiss the indictment, the district court must not pierce the pleadings or make a premature resolution of the merits of the allegations. United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)(citing United States v. Cadillac Overall Supply Co., 568 F.2d 1078, 1082 (5th Cir. 1978), cert. denied, 437 U.S. 903 (1978)). In determining whether a criminal offense has been stated, the Court must take the allegations in the indictment as true. Cadillac Overall Supply Co., 568 F.2d at 1082; accord Torkington, 812 F.2d at 1354.

Count One of the indictment in this case sets forth the essential elements of the offense of conspiracy to defraud a federally insured financial institution in violation of 18 U.S.C. § 1344 and to make false statements and reports for the purposes of influencing organizations covered under 18 U.S.C. § 1014. Count One tracks the language of the statute and provides sufficient factual specificity to notify Defendant of the charges to be defended against. This specificity in the presentation of the charges and

enumeration of the facts is sufficient to enable Defendant to rely on any judgment on the indictment as a bar against double jeopardy.

Defendant is identified in the indictment as a "straw borrower" recruited to obtain home equity lines of credit ("HELOCS") fraudulently from financial institutions by pledging collateral she had no legal interest in and concealing other facts from the institutions in connection with such fraudulent transactions. Defendant complains that the term "straw borrower" is not defined in the indictment. However, the manner in which these transactions were carried out through the use of these straw borrowers is set forth in detail. From these facts, the meaning of straw borrower is made clear from the indictment's description of Defendant's actions as a party to the fraudulent transactions charged in the conspiracy. No further definition is needed to put Defendant on notice of what she is charged with.

As for the contention that there is no allegation that Defendant "purposely made any false representations regarding her personal credit or that she made any false statements," this contention is contradicted by the general allegations of knowledge in Count One and by the allegations of Counts Two through Five, which specifically make such allegations against Plaintiff as to specific transactions.

In short, the motion to dismiss Count One [Doc. 114] is without merit and should be **DENIED**. It appearing that there are no further pretrial or discovery matters to bring before the undersigned, it is therefore **ORDERED** that this **DEFENDANT** be and is hereby **CERTIFIED** as ready for trial[1]

**SO REPORTED AND RECOMMENDED**, this 10th day OF August, 2011.

*/s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court observes that this defendant has been indicted with a additional co-defendant and that matters pertaining to such co-defendant are still pending.  Pursuant to 18 U.S.C. §3161 (h)(7) (the Speedy Trial Act), the time for commencing the trial of these defendants  may be stayed until such time as all defendants have been certified ready for trial.  Hence, it is not necessary to place the above-named defendant's case on the calendar for trial at this time.