IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>TIFFANIE YATES,<br><br>                    Defendant. | 1:10-cr-412-6-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Report and Recommendation ("R&R") [131] that Defendant Tiffanie Yates's Motion to Dismiss [114] should be denied.

**I.  BACKGROUND**

Yates is one of five defendants in this bank fraud prosecution. She is charged with conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, and four counts[1] of making false statements to federally insured institutions, in violation of 18 U.S.C. § 1014.

Defendants Dionne Michelle Whitted, Todd Milton Ivery, Hung Quoc Nguyen, Catasha Browning, and Yates, along with several unindicted co-conspirators, are alleged to have engaged in a scheme to defraud banks by

---

[1] The four Counts are listed in the indictment as Counts two (2) through five (5).

submitting fraudulent home equity line of credit ("HELOC") applications. The Government alleges that Whitted, on twenty-six (26) occasions, filed fraudulent deeds purporting to convey an interest in residential real property to a "straw borrower." After each fraudulent deed was recorded, the straw borrower applied for a HELOC, pledging, as collateral, the property fraudulently transferred. Most of the HELOC applications also contained false representations about the straw borrower's financial strength.

The indictment alleges that Yates was one of the straw borrowers to whom property was fraudulently transferred. The indictment further alleges that, on four occasions, Yates submitted HELOC applications which contained fraudulent information. Specifically, on or about September 1, 2006, Yates is alleged to have applied to Washington Mutual for a HELOC in the amount of $358,000, falsely representing that she owned real property located at 151 Bentwood Circle, Macon, Georgia. On or about January 24, 2007, Yates is alleged to have applied to Bank of America for a HELOC in the amount of $74,000, falsely representing that she owned real property located at 2022 Rector Drive SW, Atlanta, Georgia. On or about February 8, 2007, Yates is alleged to have applied to Wachovia Bank for a HELOC in the amount of $160,000, falsely representing that she owned real property located at 3054 Harold Avenue, Atlanta, Georgia. Finally, on or about

March 1, 2007, Yates is alleged to have applied to Wachovia Bank for a HELOC in the amount of $247,000, falsely representing that she owned real property located at 3208 Woodhaven Court SW, Conyers, Georgia. On each of these four occasions, Yates is also alleged to have submitted fraudulent financial documentation to support her HELOC applications.

Yates moves the Court to dismiss Count 1 of the indictment. Yates argues that the term "straw borrower" is not defined in the indictment, and thus she was not given adequate notice of the conspiracy of which she is alleged to be a member. The Magistrate Judge recommended the motion to dismiss be denied because the indictment sufficiently explained Yates's role in the conspiracy and set forth overt acts Yates allegedly committed in furtherance of the conspiracy. Yates has not asserted any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.  Sufficiency of Count 1

Yates did not object to the Magistrate Judge's recommendation to deny her Motion to Dismiss. Upon review, the Court finds no plain error in the Magistrate Judge's analysis. The indictment described in sufficient detail, in Count 1, Yates's alleged wrongful conduct, specifically, lending her identity to a bank fraud scheme and submitting falsified HELOC applications pledging as loan security collateral she did not own. Count 1 presents the essential elements of the charged conspiracy, notifies Yates of the conspiracy charge against which she must defend, and enables her to rely upon a judgment under the indictment as a bar against double jeopardy in any subsequent prosecution. United States v. Woodruff, 296 F.3d 101, 1046 (11th Cir. 2002), cert. denied, 537 U.S. 1114 (2003) (citing United

States v. Steele, 178 F.3d 123, 1233-34 (11th Cir. 1999), cert. denied, 528 U.S. 933 (1999).  It is well-established that a charge that tracks the wording of a statute which sets forth the essential elements of a crime meets the constitutional requirements of putting a defendant on notice of the charge which the defendant must defend.  United States v. Ndiaye, 434 F.3d 1270, 1299 (11th Cir. 2006).

The Court having reviewed the R&R and not finding any plain error in it, adopts the R&R and determines that Yates's Motion to Dismiss is required to be denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Report and Recommendation ("R&R") [131] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendant Tiffany Yates's Motion to Dismiss [114] is **DENIED**.

**SO ORDERED** this 12th day of October, 2011.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE